| Fill in this information to identify your case: | For amended plans only: |
|---|---|
| **IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TEXAS** | ☐ Check if this amended plan is filed prior to any confirmation hearing. |
| Debtor 1: **Jeffrey H. McLeod** (First Name / Middle Name / Last Name) | ☐ Check if this amended plan is filed in response to an initial denial order or a continuance that counted as an initial denial. |
| Debtor 2 (filing spouse): (First Name / Middle Name / Last Name) | List the sections which have been changed by this amended plan: |
| Case number: **24-42353** | _____ _____ _____ _____ |

**TXEB Local Form 3015-a**

# CHAPTER 13 PLAN

**Adopted: Dec 2017**

| Part 1: | Notices |
|---|---|

**To Debtor\*:** This plan form is designed for use when seeking an initial confirmation order. It sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. **When you file this Plan, you must serve a copy of it upon each party listed on the master mailing list (matrix) of creditors as constituted by the Court on the date of service and evidence that service through a Certificate of Service affixed to this document that attaches a copy of the matrix of creditors which you served. The most current matrix in this case is available under the "Reports" tab of the CM-ECF system.**

\* The use of the singular term "Debtor" in this Plan includes both debtors when the case has been initiated by the filing of a joint petition by spouses.

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose any permanent treatment of your claim as outlined in this plan, you or your attorney must file an objection to confirmation of this Plan. An objection to confirmation must be filed at least **14 days** before the date set for the plan confirmation hearing. That date is listed in ¶ 9 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. The objection period may be extended to 7 days prior to the confirmation hearing under the circumstances specified in LBR 3015(f). In any event, the Court may confirm this plan without further notice if no objection to confirmation is timely filed.

Regardless of whether you are listed in the Debtor's matrix of creditors or in the Debtor's schedules, **you must timely file a proof of claim** in order to be paid under this Plan. The deadline for filing claims is listed in ¶ 8 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. Disbursements on allowed claims will begin on the Trustee's next scheduled distribution date after the Effective Date of the Plan. See § 9.1.

*The Debtor must check on box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the Plan.*

| 1.1 | A limit on the amount of an allowed secured claim through a final determination of the value of property constituting collateral for such claim, as set forth in § 3.10 of this Plan, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or a nonpossessory, nonpurchase-money security interest, as set forth in § 3.9 of this Plan. | ☐ Included | ☑ Not included |
| 1.3 | Potential termination and removal of lien based upon alleged unsecured status of claim of lienholder, as set forth in § 3.11 of this Plan. | ☐ Included | ☑ Not included |
| 1.4 | Nonstandard provisions as set forth in Part 8. | ☑ Included | ☐ Not included |

| Debtor | Jeffrey H. McLeod | Case number | 24-42353 |
|---|---|---|---|

| Part 2: | Plan Payments and Length of Plan |
|---|---|

**2.1** The applicable commitment period for the Debtor is ___60___ months.

**2.2** **Payment Schedule.**

Unless the Court orders otherwise, beginning on the 30th day after the Petition Date* or the entry date of any order converting this case to Chapter 13, whichever is later, the Debtor will make regular payments to the Trustee throughout the applicable commitment period and for such additional time as may be necessary to make the payments to claimants specified in Parts 3 through 5 of this Plan (the **"Plan Term"** ).  The payment schedule shall consist of:

\* The use of the term "Petition Date" in this Plan refers to the date that the Debtor filed the voluntary petition in this case.

☐ **Constant Payments:**   The Debtor will pay _____ per month for _____ months.

☑ **Variable Payments:**   The Debtor will make variable plan payments throughout the Plan Term.  The proposed schedule for such variable payments are set forth in **Exhibit A** to this Order and are incorporated herein for all purposes.

**2.3** **Mode of Payment.**   Regular payments to the Trustee will be made from future income in the following manner:

*[Check one]*

☐ Debtor will make payments pursuant to a wage withholding order directed to an employer.

☑ Debtor will make electronic payments through the Trustee's authorized online payment system.

☐ Debtor will make payments by money order or cashier's check upon written authority of the Trustee.

☐ Debtor will make payments by other direct means only as authorized by motion and separate court order.

**2.4** **Income tax refunds.**

In addition to the regular monthly payments to the Trustee, and in the absence of a court order to the contrary, the Debtor is required to:

(1) supply a copy of each federal income tax return, including all supporting schedules, filed during the Plan Term to the Trustee within 14 days of filing the return; and

(2) remit to the Trustee within 14 days of receipt all federal income tax refunds received by each Debtor during the plan term which will be added to the plan base; provided, however, that the Debtor may retain from each such refund up to $2,000.00 in the aggregate on an annual basis if the Debtor is current on the payment obligations to the Trustee under this Plan at the time of the receipt of such tax refund.

The Debtor hereby authorizes the Trustee to endorse any federal income tax refund check made payable to the Debtor during the plan term.

**2.5** **Additional payments.**   *[Check one]*

☑ **None.**   *If "None" is checked, the rest of § 2.5 need not be completed.*

**2.6** **Plan Base.**

The total amount due and owing to the Trustee under §§ 2.2 and 2.5 is ___$528,800.00___ which, when combined with any income tax refunds due to the Trustee under § 2.4, any litigation proceeds due to the Trustee under § 9.3, and any other funds received by the Trustee on the Debtor's behalf during the Plan Term, constitutes the **"Plan Base."**

| Part 3: | Treatment of Secured Claims |
|---|---|

**3.1** **Post-Petition Home Mortgage Payments.**   *[Check one]*

☐ **No Home Mortgage.**   *If "No Mortgage" is checked, the remainder of § 3.1 need not be completed.*

☐ **Home Mortgage Maturing Before or During Plan Term.**   *If "Mortgage Maturing" is checked, the claim will be addressed in § 3.4.  The remainder of § 3.1 need not be completed.*

Debtor **Jeffrey H. McLeod**      Case number **24-42353**

☑ **Direct Home Mortgage Payments by Debtor Required.**

On the Petition Date, the Debtor owed the following claims secured only by a security interest in real property that is the Debtor's principal residence.  The listed monthly payment amount is correct as of the Petition Date.  Such mortgage claims (other than related Cure Claims addressed in § 3.2), shall be paid directly by the Debtor in accordance with the pre-petition contract, including any rate changes or other modifications required by such documents and noticed in conformity with any applicable rules, as such payments become due during the Plan Term.  The fulfillment of this requirement is critical to the Debtor's reorganization effort.  **Any failure by the Debtor to maintain payments to a mortgage creditor during the Plan Term may preclude confirmation of this Plan and, absent a subsequent surrender of the mortgage premises, may preclude the issuance of any discharge order to the Debtor under § 1328(a).*** The Trustee will monitor the Debtor's fulfillment of this direct payment obligation ("DPO").

*All statutory references contained in this Plan refer to the Bankruptcy Code, located in Title 11, United States Code.

| Mortgage Lienholder | Property Address | Monthly Payment Amount by Debtor | Due Date of Monthly Payment |
|---|---|---|---|
| 1. **Ocwen Loan Servicing** | **2009 Lambert Ct., Plano, TX, 75075** | $2,097.00<br>Amount inc:<br>☑ Tax Escrow<br>☑ Insurance Escrow<br>☐ Other _____ | 1st |

3.2  **Curing Defaults and Maintenance of Direct Payment Obligations.**  *[Check one]*

☐ **None.**  *If "None" is checked, the remainder of § 3.2 need not be completed.*

☑ **Cure Claims.**    On the Petition Date, the Debtor was delinquent on payments to satisfy certain secured claims or upon obligations arising under an executory contract or an unexpired lease that the Debtor has elected to assume under § 6.1 of this Plan.  While remaining current on all direct payment obligations (future installment payments) as each comes due under the applicable contractual documents during the plan term (a "DPO"), the Debtor shall cure all such delinquencies through the Plan as listed below (a "Cure Claim").  Each listed claims constitutes a separate class.  The total amount of each allowed Cure Claim will be paid in full by the Trustee.  The Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each Cure Claim listed below until such time as the allowed amount of each Cure Claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules.  The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected Cure Claim amount listed below.  No interest will be paid on any Cure Claim in the absence of documentary proof that the applicable contractual documents entitle the claimant to receive interest on unpaid interest.

If the automatic stay is terminated as to the property for which a Cure Claim exists at any time during the Plan Term, the next distribution by the Trustee on such Cure Claim shall be escrowed pending any possible reconsideration of the stay termination.  If the stay termination is reversed by agreement or by court order, then the single escrowed distribution shall be released to the holder of the Cure Claim and regular distributions on that Cure Claim shall be reinstituted.  In the event that the stay termination remains in effect on the second distribution date after the stay termination, the escrowed funds shall be released for distribution to other classes under this Plan and the Cure Claim shall thereafter be addressed solely under applicable state law procedures and will no longer be treated by the Plan.  The completion of payments contemplated in this subsection constitutes a cure of all defaults of the Debtor's obligation to each listed claimant.

Debtor  **Jeffrey H. McLeod**                                          Case number  **24-42353**

| Claimant | Collateral/Property/Contract Description | Debtor's DPO Amount | Projected Cure Claim Amount | Plan Interest Rate | Projected Monthly Payment by Trustee | Projected Total Cure Payment by Trustee |
|---|---|---|---|---|---|---|
| 1. **Ocwen Loan Servicing**<br><br>☐ Debt Maturing During Plan Term.<br>☐ Debt Maturing After Completion of Plan Term.<br>☐ Curing Assumed Executory Contract or Lease Obligation Pursuant to § 6.1. | pre-petition arrears | | $10,435.93 | 0.00% | Pro-Rata | $10,435.93 |

| 3.3 | **Secured Claims Protected from § 506 Bifurcation.**  *[Check one]* |
|---|---|
|  | ☑ **None**.  *If "None" is checked, the remainder of § 3.3 need not be completed.* |

| 3.4 | **Secured Claims Subject to § 506 Bifurcation.** |
|---|---|

*[Check one]*

☐ **None**.  *If "None" is checked, the remainder of § 3.4 need not be completed.*

☑ **Claims Subject to Bifurcation.**    The secured portion of each claim listed below (a "506 Claim") is equivalent to the lesser of: (1) the value of the claimant's interest in the listed collateral or (2) the allowed amount of the claim.  Each listed 506 Claim constitutes a separate class.  Each 506 Claim will be paid by the Trustee with post-confirmation interest accruing from the Effective Date of the Plan at the plan rate stated below.  If a 506 Claim is established as an oversecured claim, its holder is entitled to an additional component of pre-confirmation interest calculated at the contract rate and payable for the period from the Petition Date to the earlier of: (1) the Effective Date of the Plan, or (2) the date upon which the aggregate of such interest, plus the allowed amount of the 506 Claim, exceeds the value of the collateral.  Such holder is responsible for establishing the oversecured amount and the applicable contract rate by suffiicient evidence that is either satisfactory to the Trustee or otherwise by court order.

Based upon the Debtor's election to retain certain personal property that serves as collateral for a 506 Claim, adequate protection payments in an initial amount calculated pursuant to LBR 3015(c)(1) shall be paid by the Debtor to the Trustee beginning in Month 1 of the Plan for the benefit of holders of allowed 506 Claims secured by personal property as authorized by § 1326(a)(1)(C) and LBR 3015(c).  Such payments shall be held by the Trustee solely for the benefit of the affected secured creditor to the absolute exclusion of the Debtor and all other parties and shall be tendered by the Trustee at the earliest practicable time to holders of allowed 506 Claims secured by personal property as listed below, notwithstanding any failure by the Debtor to achieve confirmation of this Chapter 13 plan.  The Trustee shall apply adequate protection payments first to accrued interest, if applicable, and then to principal.  Adequate protection payments to be distributed by the Trustee are subject to the availability of funds and the Trustee is authorized to make pro rata payments if available funds are insufficient to pay all adequate protection payments otherwise due.  Such adequate protection payments to each affected secured claimant shall continue on a monthly basis until the month in which equal monthly payments are initiated to such claimant under the Plan.

Unless the Debtor invokes § 3.10 of this Plan to obtain a final valuation determination at the confirmation hearing regarding any listed 506 Claim, or an agreement with the holder of any listed 506 Claim regarding the value of its collateral is otherwise incorporated into the confirmation order, the value of collateral securing each 506 Claim is not finally determined upon the confirmation of this Plan.  Upon confirmation of this Plan, however, the Trustee is authorized to initiate monthly payments on an interim basis based upon the projected Collateral Value of each 506 Claim as listed below until such time as the allowed amount of each such 506 Claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules.  The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, or the subsequent entry of an order granting a separate motion for valuation of collateral pursuant to § 506 and Bankruptcy Rule 3012, shall control over any projected Collateral Value amount listed below.

Debtor **Jeffrey H. McLeod**　　　　　　　　　　　　　　Case number **24-42353**

If the automatic stay is terminated as to the property securing a 506 Claim at any time during the Plan Term, the next distribution by the Trustee on such 506 Claim shall be escrowed pending any possible reconsideration of the stay termination. If the stay termination is reversed by agreement or by court order, then the single escrowed distribution shall be released to the holder of the 506 Claim and regular distributions on that 506 Claim shall be reinstituted. In the event that the stay termination remains in effect on the second distribution date after the stay termination, the escrowed funds shall be released for distribution to other classes under this Plan and the 506 Claim shall thereafter be addressed solely under applicable state law procedures and will no longer by treated by the Plan.

| Claimant | Collateral Description | Adequate Protection Payment | Total Claim Amount | Collateral Value | Plan Interest Rate | Equal Monthly Payment by Trustee | Projected Total Payment by Trustee |
|---|---|---|---|---|---|---|---|
| 1. Collin County | biz property taxes | Month 1 through ____ | $4,706.24 | $4,706.24 | 12.00% | Pro-Rata | $8,013.98 |
| 2. Internal Revenue Service* | irs lien | Month 1 through ____ | $337,175.00 | $337,175.00 | 3.00% | Pro-Rata | $385,083.63 |
| 3. Small Business Admin. | biz collateral | Month 1 through ____ | $30,000.00 | $30,000.00 | 3.00% | Pro-Rata | $34,262.64 |

**3.5  Direct Payment of Secured Claims Not in Default.**  *[Check one]*

☒ **None**. *If "None" is checked, the remainder of § 3.5 need not be completed.*

**3.6  Surrender of Property.**  *[Check one]*

☒ **None**. *If "None" is checked, the remainder of § 3.6 need not be completed.*

**3.7  Lien Retention.**

The holder of a lien securing payment of a claim addressed in §§ 3.1 or 3.2 of this Plan shall retain its lien until the indebtedness secured by such lien is totally satisfied as determined under applicable non-bankruptcy law. The holder of a lien securing payment of any other allowed secured claim that is governed by this Plan shall retain its lien until the earlier of: (1) the total satisfaction of the indebtedness secured by the lien as determined under applicable non-bankruptcy law; or (2) the entry of a discharge order in favor of the Debtor under § 1328(a). In each instance, the provisions of this subsection may be superseded by a subsequent order of the Court.

**3.8  Maintenance of Insurance and Post-Petition Taxes Upon Retained Collateral.**

For all property that secures the payment of an indebtedness and which is proposed to be retained by the Debtor under this Plan, the Debtor must maintain insurance coverage as required either by the applicable contractual documents governing the indebtedness or as may be directed by the Trustee. The Debtor must also pay all ad valorem taxes on property proposed to be retained by the Debtor under this Plan as they come due in the post-petition period. Such payment shall be tendered to the appropriate taxing authorities in accordance with applicable non-bankruptcy law on or before the last date on which such taxes may be paid without penalty.

**3.9  Lien avoidance.**  *[Check one]*

☒ **None**. *If "None" is checked, the remainder of § 3.9 need not be completed.*

**3.10  Rule 3012 Valuation of Collateral.**  *[Check one]*

☒ **None**. *If "None" is checked, the remainder of § 3.10 need not be completed.*

**3.11  Lien Removal Based Upon Unsecured Status.**  *[Check one]*

☒ **None**. *If "None" is checked, the remainder of § 3.11 need not be completed.*

Debtor **Jeffrey H. McLeod**                                                                    Case number **24-42353**

| Part 4: | Treatment of Administrative Expenses, DSO Claims and Other Priority Claims |
|---|---|

| 4.1 | **General** |
|---|---|
| | All allowed priority claims, other than those particular domestic support obligations treated in § 4.5, will be paid in full without post-confirmation interest. Where applicable, the Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each priority claim listed below until such time as the allowed amount of each priority claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules. The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected priority claim amount listed below. |

| 4.2 | **Trustee's Fees.** |
|---|---|
| | The Trustee's fees are fixed by the United States Trustee pursuant to the provisions of 28 U.S.C. § 586(e)(2) and, pursuant thereto, shall be promptly collected and paid from all plan payments received by the Trustee. |

| 4.3 | **Attorney's Fees.** |
|---|---|
| | The total amount of attorney's fees requested by the Debtor's attorney in this case is __$10,000.00__. The amount of __$2,500.00__ was paid to the Debtor's attorney prior to the Petition Date. The allowed balance of attorney's fees will be paid by the Trustee from the remaining available funds after the payment of required adequate protection payments pursuant to §§ 3.3 and 3.4 of this Plan. |
| | The allowed balance of attorney's fees to be awarded to the Debtor's attorney in this case shall be determined by: |
| | ☐ LBR 2016(h)(1);   ☑ by submission of a formal fee application. |
| | **LBR 2016(h)(1):** If the attorney's fee award is determined by the benchmark amounts authorized by LBR 2016(h), the total fee shall be the amount designated in LBR 2016(h)(1)(A) unless a certification is filed by the Debtor's attorney regarding the rendition of legal services pertaining to automatic stay litigation occurring during the Benchmark Fee Period outlined in that local rule. The Trustee is authorized to make the benchmark fee calculation and to recognize the proper enhancement or reduction of the benchmark amount in this case without the necessity of court order. No business case supplement to the benchmark fee shall be recognized unless a business case designation is granted on or before initial confirmation of the Plan. |
| | **Fee Application:** If the attorney's fee award is determined by the formal fee application process, such fee application shall be filed **no later than 30 days after the expiration of the Benchmark Fee Period** outlined in LBR 2016(h)(1). If no application is filed within that period, the determination of the allowed amount of attorney's fees to the Debtor's attorney shall revert to the benchmark amounts authorized by LBR 2016(h)(1) without the necessity of any further motion, notice or hearing and the Trustee shall adjust any distributions in this class accordingly. |

| 4.4 | **Priority Claims: Domestic Support Obligations ("DSO").** *[Check one]* |
|---|---|
| | ☑ **None.** *If "None" is checked, the remainder of § 4.4 need not be completed.* |

| 4.5 | **Priority Claims: DSO Assigned/Owed to Governmental Unit and Paid Less Than Full Amount.** *[Check one]* |
|---|---|
| | ☑ **None.** *If "None" is checked, the remainder of § 4.5 need not be completed.* |

| 4.6 | **Priority Claims: Taxes and Other Priority Claims Excluding Attorney's Fees and DSO Claims.** *[Check one]* |
|---|---|
| | ☐ **None.** *If "None" is checked, the remainder of § 4.5 need not be completed.* |
| | ☑ **Other Priority Claims.** |

| Priority Claimant | Projected Claim Amount | Projected Monthly Payment by Trustee |
|---|---|---|
| 1. **IRS** | $30,515.00<br>☐ Texas ad valorem tax claim entitled to 12% annual interest and disbursement priority as a secured claim under § 3.4 of the Plan. | **Pro-Rata** |

Debtor  **Jeffrey H. McLeod**                                          Case number  **24-42353**

| Part 5: | Treatment of Nonpriority Unsecured Claims |

**5.1**  **Specially Classed Unsecured Claims.**   *[Check one]*

☑  **None.**  *If "None" is checked, the remainder of § 5.1 need not be completed.*

**5.2**  **General Unsecured Claims.**

Allowed nonpriority unsecured claims shall comprise a single class of creditors and will be paid:

☐  **100% + Interest at** _____ ;

☐  **100% + Interest at** _____  **with no future modifications to treatment under this subsection;**

☑  **Pro Rata Share:**  of all funds remaining after payment of all secured, priority, and specially classified claims.

**5.3**  **Liquidation Analysis:  Unsecured Claims Under Parts 4 and 5.**

If the bankruptcy estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code, the holders of priority unsecured claims under Part 4 of this Plan and the holders of nonpriority unsecured claims under Part 5 of this Plan would be paid an aggregate sum of approximately   **$57,010.00**   .  Regardless of the particular payment treatments elected under Parts 4 and 5 of this Plan, the aggregate amount of payments which will be paid to the holders of allowed unsecured claims under this Plan will be equivalent to or greater than this amount.

| Part 6: | Executory Contracts and Unexpired Leases |

**6.1**  **General Rule - Rejection.**   The executory contracts and unexpired leases of the Debtor listed below are **ASSUMED.**
All other executory contracts and unexpired leases of the Debtor are **REJECTED.**

*[Check one.]*

☑  **None.**  *If "None" is checked, the remainder of § 6.1 need not be completed.*

| Part 7: | Vesting of Property of the Estate |

**7.1**  Property of the estate will vest in the Debtor only upon the entry of an order for discharge pursuant to § 1328, in the absence of a court order to the contrary.

| Part 8: | Nonstandard Plan Provisions |

☐  **None.**  *If "None" is checked, the rest of Part 8 need not be completed.*

Under Bankruptcy Rule 3015(c), nonstandard provisions **must** be set forth below.  A nonstandard provision is a provision not otherwise included in the Official TXEB Form or any deviation from it.  *Any nonstandard provision set out elsewhere in this Plan is void.  Even if set forth below, any nonstandard provision is void* **unless the "Included" box is checked in § 1.4 of this Plan.**

**Debtor(s) may not incur any post-petition consumer debt, except upon written approval of the Trustee as follows:**

**For purchase of a car: limit of $20,000.00 financed with monthly payment not to exceed $500.00.**

**For purchase of home:  limit of $250,000.00 financed with total monthly payment including taxes and insurance not to exceed $2,500.00.**

**Debtor(s) must be current on plan payments and provide an amended budget that includes the proposed payments and updated income information.**

**The Trustee cannot approve any request that exceeds the current budget expenditure for the particular debt or expense. Debtor(s) must file a motion to incur debt if that request does not fall within the guidelines as stated above.**

Debtor **Jeffrey H. McLeod**     Case number **24-42353**

| Part 9: | Miscellaneous Provisions |
|---|---|

**9.1**    **Effective Date.** The effective date of this Plan shall be the date upon which the order confirming this Plan becomes a final, nonappealable order.

**9.2**    **Plan Distribution Order.** Unless the Court orders otherwise, disbursements by the Trustee under this Plan shall occur in the following order: **(1)** Trustee's fees under § 4.2 upon receipt; **(2)** adequate protection payments under §§ 3.3 and 3.4; **(3)** allowed attorney fees under § 4.3; **(4)** secured claims under §§ 3.2, 3.3 and 3.4 concurrently; **(5)** DSO priority claims under §§ 4.4 and 4.5 concurrently; **(6)** non-DSO priority claims under § 4.6; **(7)** specially classed unsecured claims under § 5.1; and **(8)** general unsecured claims under § 5.2.

**9.3**    **Litigation Proceeds.** No settlement of any litigation prosecuted by the Debtor during the Plan Term shall be consummated without the consent of the Chapter 13 Trustee and, except as otherwise authorized by the Trustee, all funds received by the Debtor, or any attorney for the Debtor, shall be immediately tendered to the Chapter 13 Trustee for satisfaction of any authorized exemption claim of the Debtor, with the remainder of the funds dedicated as an additional component of the plan base.

| Part 10: | Signatures |
|---|---|

**X** /s/ Diane S. Carter      Date **03/07/2025**

**Signature of Attorney for Debtor(s)**

**X** _____      Date _____

**X** _____      Date _____

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

*By filing this document, the attorney for the Debtor or any self-represented Debtor certifies to the Court that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in TXEB Local Form 3015-a, other than any nonstandard provisions included in Part 8, and that the foregoing proposed Plan contains no nonstandard provisions other than those included in Part 8.*

| Part 11: | Certificate of Service to Matrix as Currently Constituted by the Court |
|---|---|

I hereby certify that the above and foregoing document was served upon all of the parties as listed on the attached master mailing list (matrix) as constituted by the Court on the date of service either by mailing a copy of same to them via first class mail and/or electronic notification on March 7, 2025:

                                                    /s/ Diane S. Carter
                                                  **Diane S. Carter**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

IN RE: **Jeffrey H. McLeod**　　　　　　　　　　　　　　　CASE NO **24-42353**

*Debtor(s)*　　　　　　　　　　　　　　　　　　　　　　　CHAPTER **13**

## EXHIBIT "A" - VARIABLE PLAN PAYMENTS

**PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)**

| # | Month / Due Date | Payment | # | Month / Due Date | Payment | # | Month / Due Date | Payment |
|---|---|---|---|---|---|---|---|---|
| 1 | 11/02/2024 | $1,200.00 | 29 | 03/02/2027 | $1,200.00 | 57 | 07/02/2029 | $1,200.00 |
| 2 | 12/02/2024 | $1,200.00 | 30 | 04/02/2027 | $1,200.00 | 58 | 08/02/2029 | $1,200.00 |
| 3 | 01/02/2025 | $1,200.00 | 31 | 05/02/2027 | $1,200.00 | 59 | 09/02/2029 | $1,200.00 |
| 4 | 02/02/2025 | $1,200.00 | 32 | 06/02/2027 | $1,200.00 | 60 | 10/02/2029 | $1,200.00 |
| 5 | 03/02/2025 | $1,200.00 | 33 | 07/02/2027 | $1,200.00 | | | |
| 6 | 04/02/2025 | $1,200.00 | 34 | 08/02/2027 | $1,200.00 | | | |
| 7 | 05/02/2025 | $1,200.00 | 35 | 09/02/2027 | $1,200.00 | | | |
| 8 | 06/02/2025 | $1,200.00 | 36 | 10/02/2027 | $1,200.00 | | | |
| 9 | 07/02/2025 | $1,200.00 | 37 | 11/02/2027 | $1,200.00 | | | |
| 10 | 08/02/2025 | $1,200.00 | 38 | 12/02/2027 | $1,200.00 | | | |
| 11 | 09/02/2025 | $1,200.00 | 39 | 01/02/2028 | $1,200.00 | | | |
| 12 | 10/02/2025 | $1,200.00 | 40 | 02/02/2028 | $1,200.00 | | | |
| 13 | 11/02/2025 | $1,200.00 | 41 | 03/02/2028 | $1,200.00 | | | |
| 14 | 12/02/2025 | $1,200.00 | 42 | 04/02/2028 | $1,200.00 | | | |
| 15 | 01/02/2026 | $1,200.00 | 43 | 05/02/2028 | $1,200.00 | | | |
| 16 | 02/02/2026 | $1,200.00 | 44 | 06/02/2028 | $1,200.00 | | | |
| 17 | 03/02/2026 | $1,200.00 | 45 | 07/02/2028 | $1,200.00 | | | |
| 18 | 04/02/2026 | $1,200.00 | 46 | 08/02/2028 | $1,200.00 | | | |
| 19 | 05/02/2026 | $1,200.00 | 47 | 09/02/2028 | $1,200.00 | | | |
| 20 | 06/02/2026 | $1,200.00 | 48 | 10/02/2028 | $1,200.00 | | | |
| 21 | 07/02/2026 | $1,200.00 | 49 | 11/02/2028 | $1,200.00 | | | |
| 22 | 08/02/2026 | $1,200.00 | 50 | 12/02/2028 | $1,200.00 | | | |
| 23 | 09/02/2026 | $1,200.00 | 51 | 01/02/2029 | $1,200.00 | | | |
| 24 | 10/02/2026 | $1,200.00 | 52 | 02/02/2029 | $1,200.00 | | | |
| 25 | 11/02/2026 | $1,200.00 | 53 | 03/02/2029 | $1,200.00 | | | |
| 26 | 12/02/2026 | $1,200.00 | 54 | 04/02/2029 | $1,200.00 | | | |
| 27 | 01/02/2027 | $1,200.00 | 55 | 05/02/2029 | $1,200.00 | | | |
| 28 | 02/02/2027 | $1,200.00 | 56 | 06/02/2029 | $458,000.00 | | | |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

IN RE:   **Jeffrey H. McLeod**                                         CASE NO.   **24-42353**
*Debtor*

                                                                       CHAPTER   **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE

---

I, the undersigned, hereby certify that on March 7, 2025, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ Diane S. Carter**
Diane S. Carter
Bar ID:24043310
Barron and Carter, LLP
P.O. Box 1347
Nederland, Texas 77627
(409) 727-0073

---

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0540-4<br>Case 24-42353<br>Eastern District of Texas<br>Sherman<br>Fri Mar  7 14:16:35 CST 2025 | Diane S. Barron<br>Barron and Carter, LLP<br>660 N. Central Expy, Ste 101<br>Plano, TX 75074-6759 | Barron & Carter L.L.P.<br>POB 1347<br>Nederland, TX 77627-1347 |
| COLLIN COUNTY TAX ASSESSOR/COLLECTOR<br>Abernathy, Roeder, Boyd & Hullett, P.C.<br>1700 Redbud Blvd., Suite 300<br>McKinney, TX 75069-3276 | COLLIN COUNTY TAX ASSESSOR/COLLECTOR<br>Abernathy, Roeder, Boyd & Hullett, P.C.<br>1700 Redbud Blvd., Suite 300<br>McKinney, Texas 75069-3276 | Kathryn Dahlin<br>4214 Villa Hill Drive<br>Kingwood, TX 77345-1347 |
| Juanita Michelle Deaver<br>Codilis & Moody, P.C.<br>20405 State Highway 249<br>Suite 170<br>Houston, TX 77070-2620 | Carey D. Ebert<br>P. O. Box 941166<br>Plano, TX 75094-1166 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| Internal Revenue Service<br>PO BOX 7346<br>Philadelphia, PA 19101-7346 | (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | Paul M Lopez<br>Abernathy, Roeder, Boyd & Hullett, P.C.<br>1700 Redbud Blvd.<br>Ste 300<br>McKinney, TX 75069-3276 |
| Jeffrey H. McLeod<br>2009 Lambert Ct.<br>Plano, TX 75075-3004 | Ocwen Loan Servicing<br>P.O. Box 24738<br>West Palm Beach, FL 33416-4738 | Parkway Center Partnership<br>c/o Brent Lemon<br>1201 Elm Street, Ste. 4880<br>Dallas, TX 75270-2035 |
| Plano ISD<br>c/o Perdue Brandon Fielder et al<br>1919 S. Shiloh Road, Suite 640, LB 40<br>Garland, TX 75042-8234 | (p)GARLAND ISD<br>ATTN C/O PERDUE BRANDON ET AL<br>1919 S SHILOH ROAD<br>SUITE 640 LB 40<br>GARLAND TX 75042-8234 | Small Business Admin.<br>440 Amon Carter Blvd., Ste. 102<br>Fort Worth, TX 76155 |
| Texas Workforce Commission<br>Office of Attorney General<br>BK/Collections<br>P.O. BOX 12548, MC008<br>Austin, TX 787112548 | U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 | U.S. Attorney General<br>Main Justice Building<br>10th and Constitution Ave NW<br>Washington, DC 20530-0001 |
| (p)U S  SMALL BUSINESS ADMINISTRATION<br>ATTN BK NOTICES<br>332 S MICHIGAN AVE SUITE 600<br>CHICAGO IL 60604-4318 | US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 | United States Attorney's Office<br>110 North College Ave., Ste 700<br>Tyler, Texas 75702-0204 |
| Wells Fargo Bank, National Association, as T<br>c/o PHH Mortgage Corporation<br>Attn: Bankruptcy Department<br>PO BOX 24605<br>West Palm Beach FL 33416-4605 | Wells Fargo Bank, National Association, as T<br>c/o Codilis & Moody, P.C.<br>20405 State Highway 249<br>Suite 170<br>Houston, TX 77070-2620 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| IRS<br>P.O. Box 21126<br>Philadelphia, PA 19144 | Jefferson Capital Systems LLC<br>Po Box 7999<br>Saint Cloud MN 56302-9617 | Linda Reece<br>Perdue Brandon Fielder Collins & Mott LL<br>1919 S. Shiloh Road<br>Suite 640, LB 40<br>Garland, TX 75042 |
| U.S. Small Business Administration<br>332 S. Michigan Ave., Ste 600<br>Chicago, IL 60604 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Carey D. Ebert<br>P. O. Box 941166<br>Plano, TX 75094-1166 | (d)Plano ISD<br>c/o Perdue Brandon Fielder et al<br>1919 S. Shiloh Road, Suite 640, LB 40<br>Garland, TX 75042-8234 | End of Label Matrix<br>Mailable recipients   25<br>Bypassed recipients    2<br>Total                 27 |